IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| KEVIN BRIGGS, | Cause No. CV 25-77-H-BMM |
| Petitioner, | |
| vs. | |
| WARDEN JIM SALMONSEN, | ORDER |
| Respondent. | |

State pro se petitioner Kevin Briggs ("Briggs") filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 and brief in support.  (Docs. 1 & 2.)  Briggs sought a stay and abeyance of the instant proceedings in order to complete a direct appeal from the denial of his postconviction petition and fully exhaust his federal claims.  (Doc. 3.)  The Court granted Briggs's motion for a stay.  (Doc. 12.)

Briggs filed a status report advising that the Montana Supreme Court had recently affirmed the denial of his postconviction petition in *Briggs v. State*, 2026 WL 673064 (Mont. March 10, 2026). (*See also* Doc. 13.) The Court lifted the previously imposed stay. (Doc. 14.) The Court further allowed Briggs 45 days within which to file an amended § 2254, in light of the Montana Supreme Court's decision.  (*Id*.)  In response, Briggs filed a motion to appoint counsel, (Doc. 15), a

1

motion for leave to file an overlength brief, (Doc. 16), and a motion for partial summary judgment.  (Doc. 18.)

As a preliminary matter, Briggs is advised that Local Civil Rule 7.1(a) provides that the requirements applicable to written requests, including the restrictions on brief length outlined by L.R. 7.1(d)(2)(A), do not apply to written pleadings under 28 U.S.C. §§ 2241, 2254, and 2255.  Thus, the motion for leave to file an overlength brief will be denied as moot.

Additionally, this matter is in its initial stages. Briggs has not yet filed his amended petition and Respondent has not appeared.  Accordingly, Briggs's motion for summary judgment will be denied without prejudice as premature.  Briggs can refile a renewed motion when and if respondent is served.

No right to appointment of counsel exists in federal habeas proceedings. *See Nevius v. Sumner*, 105 F. 3d 453, 460 (9th Cir. 1996).  The exception to this general rule is when an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures."  *See McClesky v. Zant*, 499 U.S. 467, 495 (1991); *Weygandt v. Look*, 718 F. 2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c).  The Court also may appoint counsel "at any stage of the case if the interest of justice so requires."  *Weygandt*, 718 F. 2d at 954; *see also*, 18 U.S.C. §3006A.

Following a jury trial in Montana's Eighteenth Judicial District, Gallatin County, Briggs was convicted of aggravated assault, sexual assault, assault on a peace officer, escape and criminal possession of dangerous drugs.  On appeal, Briggs claimed a violation of his right to a speedy trial, erroneous denial of discovery of officer personnel records, erroneous denial of sanctions for the State's loss of evidence, and ineffective assistance of counsel ("IAC").  Briggs's convictions were affirmed.  *See, State v. Briggs*, 2018 MT 261N, 394 Mont. 387, 429 P. 3d 275, *cert. denied Briggs v. Montana*, 587 U.S. 992 (2019).

Briggs filed a petition for postconviction relief, alleging various grounds, including trial court error and IAC in May of 2021. The Montana state district court denied Briggs relief following a two-day hearing.  Briggs only raised two issues on appeal despite raising many issues in his postconviction petition.  Briggs first argued that his retained counsel, who withdrew before trial, were ineffective and acting under a conflict of interest by retaining full payment, made in advance of trial, which prevented Briggs from retaining replacement trial counsel.  Briggs also contended that retained counsel failed to meaningfully function on his behalf in the time period surrounding withdrawal.  *See Briggs*, 2026 MT 47, ¶¶ 10–11.  Briggs next claimed appellate counsel was ineffective for not arguing that the trial court's failure to appoint counsel at the withdrawal hearing, which Briggs argues was a "critical stage," constituted reversible error.  *Id*. at ¶12.

3

The Montana Supreme Court found that Briggs failed to show a structural denial of counsel under *United States v. Cronic*, 466 U.S. 648 (1984). *Id*. at ¶¶ 27–29. The Montana Supreme Court further determined that Briggs failed to show an actual conflict of interest existed or that he was adversely affected. *Id*. at ¶¶ 29–32 (citing *Strickland v Washington*, 466 U.S. 668, 692–93 (1984)). Briggs similarly failed to establish actual ineffective assistance of counsel claim under *Strickland*. *Id*. at ¶¶ 32–33. Finally, the Montana Supreme Court found that under the circumstances presented, appellate counsel was not constitutionally ineffective. *Id*. at ¶¶ 45–48. The Montana Supreme Court affirmed dismissal of Briggs's postconviction petition. *Id*.

In his present motion, Briggs cites his inability to afford counsel and a need to ensure the capacities of the parties are equal. (*See* Doc. 15.) These issues are common to most pro se litigants and are not exceptional. They do not warrant the appointment of counsel. *See e.g., Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020). Briggs also contends that he needs counsel to help him effectively engage in discovery and that there is a reasonable likelihood that his claims will succeed on the merits. (*Id*.) The Court finds that the grounds presented for relief are not exceptionally complex and it is unclear that discovery will be required upon review of Briggs's initial filing. Briggs's arguments suggest he can successfully articulate his claims at this point. The Court cannot say that he is likely to succeed

on the merits of his habeas claims.  Though pro se litigants certainly face challenges, the relevant law and Briggs's claims do not compel the appointment of counsel.

Based on the foregoing, the Court enters the following:

### ORDER

1.    Briggs's motion to appoint counsel, (Doc. 15), is **DENIED**.

2.    Briggs's motion for leave to file overlength brief, (Doc. 16), is **DENIED** as moot.

3.    Briggs's motion for partial summary judgment, (Doc. 18), is **DENIED** without prejudice.

Briggs shall have **45 days** within which to find an amended § 2254 petition, should he wish to do so.  <u>Briggs must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 1st day of April, 2026.

Brian Morris, Chief District Judge
United States District Courts

5